## CIRCUIT COURT OF BRUNSWICK COUNTY

Previtire

v.

Commonwealth of Virginia et al.

August 4, 1988

Case No. (Law) 67-86

By JUDGE W. PARK LEMMOND, JR.

By way of demurrer, the issues posed to the Court were:

1. Is the Workers' Compensation Act the exclusive remedy for the plaintiff?

2. Are the defendants, any or all of them, under the umbrella of sovereign immunity?

3. Have sufficient facts been plead with justiciable specificity to make a case for willful and wanton conduct, in other words, a grossly negligent or intentional tort?

The plaintiff argues that the aggravation to his prior-existing orthopedic injury to his ankle is not compensable under the Workers' Compensation Act. Plaintiff further asks this Court to so hold and argues facts in support thereof. The Court finds that it is without jurisdiction to determine whether or not the incident or incidents complained of by the plaintiff constitutes a compensable injury under the Act. Only the Industrial Commission is cloaked with such jurisdiction.

The holding on this threshold issue is sufficient to be dispositive of the case. Since the facts alleged, and surely not disputed, clearly show that the plaintiff was an employee of the Commonwealth, as were his co-workers, the individual defendants, the plaintiff's exclusive remedy

for the injuries claimed is found in the Workers' Compensation Act. Whether the claimed injury is a compensable one, i.e., arising out of and in the course of employment, etc., is, as said, an issue for determination by the Industrial Commission. Since they have not made this determination, the Workers' Compensation Act remains the plaintiff's exclusive remedy until such time as the plaintiff is denied compensation under the act. Since the plaintiff apparently waited too late to file such a claim, it would appear that the issue of compensability will never be determined by the Commission.

Clearly, the Commonwealth correctly contends that it is shielded by the doctrine of sovereign immunity, which is dispositive as to the Commonwealth as a defendant.

In addition to having his only remedy within the confines of the Workers' Compensation Act, the plaintiff cannot reach the individual defendants for acts of ordinary negligence where they too come within the Commonwealth's ambit of sovereign immunity, and thus a suit against them for negligence cannot be maintained.

But for the Workers' Compensation Act's being the exclusive remedy for the plaintiff, if properly plead, the plaintiff could continue to assert his claim based upon willful and wanton conduct or gross negligence. This point, however, is not reached, since plaintiff's only remedy is under the Workers' Compensation Act.

Finally, had the Industrial Commission determined that this was not a compensable claim and hence the plaintiff could have pursued his intentional tort theory, he would have been restricted to damages not exceeding $25,000.

In accordance with the above, the Court sustains the Demurrer of the defendants. Counsel for the defendants will please be so kind as to draft an order sustaining the Demurrer and dismissing the case for the reasons aforesaid, obtain endorsement of counsel for the plaintiff, and forward same to the Court for entry.